PEOPLE v. VAN ROY.

1. CRIMINAL LAW—LARCENY—FELONIOUS INTENT.
   In a prosecution for the larceny of certain automobile
   parts belonging to a corporation which had suspended
   business, where the defense was that defendant had made
   an arrangement with the custodian of the property to
   exchange therefor a certificate of stock he held in the
   corporation, the expressed opinion of the trial judge that
   the authority of said custodian, who had since died, to
   make said arrangement, must be established, *held*, not
   reversible error, where he later instructed the jury very
   fully that defendant could not be convicted if he took
   the property with the consent of the custodian, because
   the essential element of felonious intent would be lacking.

2. SAME—TRIAL—EVIDENCE.
   Where defendant's counsel, on cross-examination of a wit-
   ness, developed the fact that property of the corporation
   other than that listed in the information had been taken
   from the premises, there was no error in allowing the
   prosecuting attorney, on re-examination, to show that said
   articles were not parts, but fixtures.

3. SAME — VALUE OF STOLEN PROPERTY—BURDEN OF PROOF—AD-
   MISSION OF DEFENDANT SUFFICIENT.
   Although the burden of proof was on the prosecution to
   show that the value of the goods alleged to be stolen
   exceeded $25, a statement by defendant, while on the
   stand, that he would not sell it for $100, but that he would
   sell it for $500, was sufficient evidence of value to sustain
   conviction.

4. SAME—FELONIOUS INTENT—EVIDENCE—SUFFICIENCY.
   Where the question of felonious intent was fairly sub-
   mitted to the jury, and there was evidence which, if be-
   lieved, justified the verdict of guilty, it will not be inter-
   fered with by the Supreme Court, on error.

Error to Kent; Perkins (Willis B.), J.    Submitted
April 17, 1924.    (Docket No. 124.)    Decided May
8, 1924.

On evidence of other crimes in prosecution for larceny, see
notes in 62 L. R. A. 231, 281, 315, 322; 43 L. R. A. (N. S.) 774.
On burglary as affected by value of goods taken or sought to
be taken, see note in 34 L. R. A. (N. S.) 243.

Henry J. Van Roy was convicted of larceny, and sentenced to imprisonment for not less than 2 nor more than 5 years in the Michigan reformatory at Ionia.     Affirmed.

*H. Monroe Dunham* (*John M. Dunham*, of counsel), for appellant.

*Cornelius Hoffius*, Prosecuting Attorney, and *E. W. Hoogsteen*, Assistant Prosecuting Attorney, for the people.

SHARPE, J.     Defendant reviews by writ of error his conviction under an information in the usual form charging him with having, on March 20, 1922, feloniously stolen, taken and carried away a long list of automobile parts and accessories, of the value of $736.10, the property of the Lorraine Motors Corporation.

The corporation suspended business in the latter part of 1921.     Its property was placed in charge of Peter Longfield, its superintendent.     He was killed in an accident on January 12, 1922.     After his death, Peter Boersma, a stockholder, who had theretofore been employed as a night watchman, was placed in charge as custodian of the property.     There was at that time quite a large stock of automobile parts and accessories in the stock room.     On the morning of March 20th, Boersma discovered that a door leading to the stock room had been broken open and that a considerable quantity of the property was missing.     He reported the loss to the officials of the company and to the sheriff of Kent county.     In April, 1923, the officers of the county, acting under a search warrant, found a considerable part of the missing property in the basement of the home of the defendant.     When informed that the officers had a search warrant, defendant took them to the place where the articles were stored, ad-

mitted that they had been taken by him from the corporation stock room, but claimed that he had taken them by permission of Longfield and under an arrangement made with him whereby he had turned in to Longfield a $300 certificate of stock he held in the corporation as consideration for the goods taken. He also so testified at the trial. We will consider the assignments of error in the order discussed by defendant's counsel in their brief.

1. *Prejudicial remarks and instruction of the court.* During the trial the court expressed the opinion that the authority of Longfield to make the arrangement under which defendant claimed to have obtained possession of the property must be established. Later, appreciating that, to constitute larceny, a felonious intent must be established, he instructed the jury very fully that if defendant—

"took the property upon the authority and by the consent of the custodian of this property, you cannot convict him, because there would be lacking the essential element of a felonious intent."

Defendant and his witnesses had been permitted to testify fully as to his claim in this respect. The issue as presented was whether the property was taken about the 1st of January, as defendant claimed, or in March, as Boersma testified. This was made plain to the jury in the charge. The error complained of does not warrant a reversal.

2 *Error as to other thefts incompetent.* In his cross-examination of the witness Boersma, defendant's counsel developed the fact that property of the corporation other than that listed in the information had been taken from its premises. On re-examination the prosecuting attorney was permitted to interrogate the witness as to the things so missing. The purpose was to show that the articles taken were not parts, but fixtures. There was no error in permitting him

to do so. *People* v. *Cook,* 223 Mich. 291, has no application to the question here presented.

3. No proper evidence of value. George W. Cornell, a motor car salesman, testified that he knew "the approximate value of motor parts." He was then permitted to fix what he said was "about" the value of the several articles listed in the information and then present in the court room. The burden was on the prosecution to show the value, in order that the jury might determine whether it exceeded $25. The defendant, when a witness, stated that he would not sell the property then present for $100, but would sell it for $500. There was clearly sufficient evidence of value to sustain the verdict.

4. Intent. It is insisted that "there was no evidence of felonious intent." There was no evidence to contradict the testimony of defendant as to the arrangement he made with Longfield by which he came into possession of the property. But, if Boersma was to be believed, the property in question was not taken by defendant until some months after the death of Longfield. This issue was fairly submitted to the jury. We find no justification for interfering with the conclusion reached by them.

The judgment is affirmed.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.